WOLF, J.
The state appeals from an order of the trial court suppressing blood samples taken from the defendant and all information resulting from the testing of these samples. The trial court’s ruling was based on a determination that the blood was illegally seized because appellant did not meet the criteria enumerated in section 943.325, Florida Statutes. The state asserts that the court’s ruling on that basis constituted error. We agree.
*760 It is undisputed that appellee had a sexual battery conviction in October of 1987. On January 27, 1999, he was convicted of one count of carrying a concealed firearm and was sentenced to five years in prison. The disputed blood sample was taken from the appellee during his incarceration for that crime. Section 943.325(10)(c) provides that
[a]ny person previously convicted of an offense specified in this section, or a crime which, if committed in this state, would be an offense specified in this section, and who is also subject to the registration requirement imposed by s. 775.13, shall be subject to the collection requirement of this section when the appropriate agency described in this section verifies the identification information of the person. The collection requirement of this section does not apply to a person as described in s. 775.13(6).
(Emphasis supplied.) Appellee’s sexual battery conviction is one of the crimes specified in section 943.325(1), Florida Statutes. Appellee, having been convicted of a felony, is a person subject to the registration requirements of section 775.13, Florida Statutes. It is undisputed that none of the exemptions contained in section 775.13, Florida Statutes, apply to the appellee.
The trial court erred in determining that the blood taken from the defendant was not taken in accordance with section 943.325, Florida Statutes. It is, therefore, unnecessary to reach the other issues raised by the state. The order granting suppression of evidence is reversed.
WEBSTER and BROWNING, JJ., concur.